UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 05-52-B-W |
| ) | |
| ROY LEWIS ROGERS, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDED DECISION**

Defendant Roy Lewis Rogers has moved to suppress a videotape and computer images seized from his residence during the execution of a state search warrant on July 21, 2004. He also asks this court to suppress certain statements he made to law enforcement officers after they discovered incriminating evidence on the videotape and any subsequent evidence they seized pursuant to a second search warrant obtained after the videotape was viewed. Rogers' position is that the officers' initial seizure of the videotape and any claimed right to search the computer for photographs exceeded the scope of the first warrant and therefore all evidence flowing from the illegal seizure should be suppressed. I now recommend that the court **DENY** the motion.

**Proposed Findings of Fact**

On October 4, 2005, I held a telephone conference with the Assistant United States Attorney and the defendant's attorney to determine if there were any material and relevant facts in dispute. (See Report at Docket No. 23). Counsel agreed the sole issue raised by this motion is whether the seizure of the videotape and the search of the computer for photographic images in addition to e-mails exceeded the scope of the original search warrant signed by a state justice of the peace on July 21, 2004, and found in this record at Docket No. 20, Exhibit 1. The Government agrees that if the seizure of the videotape and the search of the computer for

photographic images exceeded the scope of the first warrant, then statements made by the defendant and subsequent evidence seized pursuant to a second search warrant issued the next day would be suppressed as fruit of the poisonous tree. The defendant agrees that if the seizure of the videotape was authorized by the first warrant there is sufficient probable cause for the issuance of the second warrant and the statements made by defendant are not rendered inadmissible.

While the issue presented by this motion can be simplified, there is no simple answer to the problem posed. Detective James Skehan of the Houlton Police Department developed probable cause to believe that fourteen year old DW had been subjected to unlawful sexual advances by Roy Rogers. DW's mother was Rogers' friend and it was through that connection that Rogers became acquainted with DW. In the course of his investigation Skehan learned that DW and Rogers had communicated via e-mail and that Rogers had a computer in his residence. Skehan also learned through DW's mother that Rogers had "several photos" of DW at his apartment. DW's mother explained to Skehan that Rogers got these photos because he asked her "for copies of the ones she had." (Search Warrant Aff. at p. 12).

Skehan then submitted a poorly drafted Affidavit and Request for Search Warrant to a state justice of the peace. I say poorly drafted for a number of reasons, the first of which is the affidavit's description of the property to be seized. In the first paragraph under that heading Skehan describes the property to be seized as "letters, e-mails, or photos" and also as the computer of unknown make, model, or serial number but which belongs to Roy Rogers. The body of the affidavit abundantly supports probable cause to search for and seize these items. Indeed, Rogers does not challenge the facial sufficiency of the affidavit to search for the items just enumerated.

The drafting problem relates to paragraphs A – F that follow the description outlined above.  Paragraphs A-F appear to be boilerplate lifted from some other source and have nothing to do with the probable cause recited in the body of the affidavit.  For instance, paragraph B speaks in terms of the residence/*church* described in section 1 above.  Section 1 makes no mention of a church.  The remaining description of the property to be seized includes computer equipment which is evidence of the crime of possession of sexually explicit materials in violation of 17 M.R.S.A. § 2941 or "any federal offence."   The body of the affidavit contains no facts that would support a finding of probable cause regarding pornographic materials and the warrant itself is not directed at pornographic material.

The warrant describes the property to be seized in the following terms:  "Computer belonging to Roy Rogers (Unk Brand, Color, Sereial [sic] Numbers etc.  Also any photos of DW."  The description of the property to be seized does not include any references to pornographic images or peripheral electronic devices such as hard drives, discs, or other electronic storage devices that would commonly be seized in conjunction with a search warrant seeking pornographic images.  Regardless of whatever Skehan may or may not have had in his mind when he drafted the affidavit, the warrant is properly limited in its scope to include only the photos of DW as described in the affidavit and the computer containing the presumptively incriminating e-mails.  Defendant does not dispute the facial sufficiency of the affidavit to support the seizure of photos of DW and the computer generated e-mails.

It is undisputed that when the officers executed the warrant they discovered an unlabeled videotape on the computer table.  They did not find any photos of DW, but they did seize the computer and the videotape.  Upon review of the videotape, they discovered that it contained images of a sexually explicit act involving Rogers and a young child identified by the officer as a

3

ten year old student at the local public elementary school. Based upon their review of the videotape, the officers obtained a second warrant to search the residence and the computer for pornographic materials. Rogers does not directly challenge the sufficiency of the second affidavit; his challenge arises from the fact that he views the original seizure of the videotape as beyond the scope of the first warrant. He also argues that pursuant to the first warrant the officers' search of the computer was limited to e-mail messages and could not extend to photographs stored on the computer.[1]

## Discussion

The Fourth Amendment requires that all warrants particularly describe the items to be seized in order to prevent the wholesale rummaging of a person's property in search of contraband or evidence of a crime. United States v. Upham, 168 F.3d 532, 535 (1st Cir.1999). Under the particularity requirement "as to what is to be taken, nothing is left to the discretion of the officer executing the warrant." United States v. Guarino, 729 F.2d 864, 867 (1st Cir.1984) (quoting Marron v. United States, 275 U.S. 192, 196 (1927)).

> The requirement of particularity arises out of a hostility to the Crown's practice of issuing "general warrants" taken to authorize the wholesale rummaging through a person's property in search of contraband or evidence.
> The cases on "particularity" are actually concerned with at least two rather different problems: one is whether the warrant supplies enough information to guide and control the agent's judgment in selecting what to take . . . and the other is whether the category as specified is too broad in the sense that it includes items that should not be seized[.]

---

[1] The Government asserts that the computer was never searched for photographic images until after the second warrant issued. However, that fact, assuming it is true, does not mean that the court can disregard the issue involving the scope of the first warrant vis-à-vis the computer's photographic images. If the Government could search the computer for photos pursuant to the first warrant obviously the issue of the second warrant's validity would not have any importance vis-à-vis images found on the computer. Thus the scope of the first warrant is the primary emphasis of this motion, the two questions presented being (1) did the first warrant include the right to seize and view the videotape; and (2) did the first warrant include the right to search the computer for photographic images as well as e-mails.

4

Upham, 168 F.3d at 535 (citations omitted).  The current dispute seems to fall outside of the predominant concerns of the particularity requirement because the warrant at issue was not a "general warrant"; to the contrary, the concern is whether the authorization to search and seize photographs was too particular to permit the seizure of a videotape.  In an analogous case, the Eighth Circuit Court of Appeals has characterized the applicable standard as one of "'practical accuracy,' recognizing that the specificity required hinges on the circumstances of each case." United States v. Lowe, 50 F.3d 604, 607 (8th Cir. 1995).  Similar to this approach, the First Circuit has held that the seizure of photographs fell within a warrant's instruction to seize "records" indicative of control over the premises at issue, even though the warrant did not expressly authorize the seizure of photographs.  United States v. Tabares, 951 F.2d 405, 408-409 (1st Cir. 1991).

As a general principle the Fourth Amendment particularity requirement does not require the warrant to spell out every possible receptacle for the items sought under the warrant.  If the officers are executing a valid warrant for particularized items, they may search any "plausible repositories" for those items found on the premises.  2 Wayne R. LaFave, Search and Seizure ¶ 4.10(b) (1978).  In Upham the First Circuit seemingly endorsed this view by noting that a warrant authorizing the seizure of visual images of "of minors engaging in sexually explicit conduct" would permit the search of any "container" that might reasonably have the images concealed "inside" – including a computer or computer discs.  Upham, 168 F.3d at 536.

Rogers's primary argument on this point is that under the circumstances of this case, the officers had no reason to believe that the photographs described by DW's mother were other than developed print photographs copied from other photographs.  The probable cause description in the affidavit does not limit the photos in that fashion.  The officers had probable cause to believe

5

that Rogers had photos of DW in his possession and that evidence that he was holding those photographs would corroborate their understanding that there was a relationship between Rogers and DW.  Given the current state of technology, looking at a computer's hard drive to find photos is no more inappropriate than opening a photo album.  See State v. Schaefer, 668 N.W.2d 760, 770 n. 3 (Wis. Ct. App. 2003) ("Computer image files are aptly described as 'electronic photograph albums.'").  Current technology also permits "photos" to be stored on homemade videotapes.  That technology need be no more sophisticated than an incidental image of a photograph appearing on a homemade videotape intended to record some other activity.  Searching the computer hard drive and the videotape for the photos of DW was well within the scope of the warrant.  The warrant did not authorize the officers to rummage through Rogers's personal belongings searching for anything of value to any investigation, but it did authorize the officers to search Rogers's personal effects thoroughly for any evidence of photos of DW.  This they did.

The seizure of the videotape and computer and their removal for off-site examination to determine if they contained the photographs of DW named in the warrant is permissible under the Fourth Amendment because there was no practical way to exam either item on the premises and as stated above both items could well have been repositories for incriminating photographs.  Upham, 168 F.3d at 535.  Thus the officers had unchallenged probable cause to search Rogers's residence for photos of DW, videotapes and computer hard drives are well within the range of receptacles that might contain such photographs, and removal of those items from the residence for off-site examination is permissible.

**Conclusion**

Based upon the foregoing I **RECOMMEND** the court **DENY** the motion to suppress.

(Docket No. 19.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated: October 6, 2005